McGraw *et al. v.* Mitchell *et al.**

(Division A.   March 15, 1926.)

[107 So. 423. No. 25383.]

Execution. *Time, limited for issuance, is not extended by execution defendant's absence from state; issuance not being commencement of action* (*Code* 1906, *sections* 3103, 3108 [*Hemingway's Code, sections* 2467, 2472]).

Time for issuance of execution, limited by Code 1906, section 3103 (Hemingway's Code, section 2467), to seven years from date of judgment, is not extended, under section 3108 (section 2472), by absence of execution defendant from the state; issuance of execution not being commencement of action.

---

*Corpus Juris-Cyc. References: Executions, 23CJ, p. 379, n. 6.

Appeal from chancery court of Winston county.
Hon. T. P. Guyton, Chancellor.

Suit for injunction by R. L. Mitchell, Sr., and others, against J. D. McGraw and another. Decree for complainants, and defendants appeal. Affirmed.

*Jones & Boydstun,* for appellant.

This appeal is upon one matter of law: Is the judgment of *J. D. McGraw v. T. R. Tucker,* outlawed by the statute of limitations under the facts of this record?

Our court apparently has not passed upon the exact point here involved. Hemingway's Code, section 2474 (section 3110, Code of 1906), limits the lien of a judgment or decree to seven years, stating specific exceptions to the time limit there stated. Hemingway's Code, section 2472 (section 3108, Code of 1906), makes a specific exception in case of a defendant out of the state. It is admitted that this judgment debtor, in whom the legal title to the land here in question rested, was out of this state from June, 1916, less than one year after the

rendition of judgment against him, until the execution was issued in this case.

We now come to the one question: Does the limitation follow the person or the property? The case of *Fisher* v. *Fisher,* 43 Miss. 212, discusses a case very similar to this one. In *Alston* v. *Newcomer & Klauser,* 42 Miss. 186, our court holds that the statute does not run in favor of a person residing out of this state. In this case Mrs. Alston left this state on May 14, 1863, and she was attached at the November term, 1867, more than four years after her removal. In this case it was held that the limitation followed the person and not the property.

We now call the court's attention to Hemingway's Code, sections 2467 and 2297 (sections 3103 and 2796, Code of 1906). Neither of these sections of the code is against our contention in this case, especially when they are taken in connection with section 2472, Hemingway's Code (section 3108, Code of 1906). Sections 2467 and 2474, Hemingway's Code (sections 3103 and 3110, Code of 1906) each limit the time of an action upon judgment and the lien thereunder to seven years. The annotations under these statutes in Hemingway's Code show how the lien may be renewed and extended by action. The two cases that we find from our court that are nearest in point here are *Fisher* v. *Fisher,* 43 Miss. 212 and *Hendricks* v. *Kellogg,* 76 So. 746.

*E. M. Livingston,* for appellee.

Section 2467, Hemingway's Code, settles the principles involved in this case. The only exceptions to the seven-year rule granted by statute are the exceptions named in section 2474, Hemingway's Code. Appellants rely on section 2472, Hemingway's Code, with reference to "absence from the state." This section has no application to a judgment but simply deals with "causes of action" which have not been tried in a court of competent jurisdiction, and the proper judgments in the en-

forcement of a judgment lien could not be construed to mean a cause of action accruing in the meaning of section 2472, Hemingway's Code, for the reason that the cause of action in a judgment lien has already accrued and has been adjudicated and all the relief granted that is possible for the courts to give.

The principle has been well settled by this court that the general lien of a judgment can be kept alive only by a new action based upon the judgment. *Buckner* v. *Pipes,* 56 Miss. 356; *Stith* v. *Palmer,* 57 Miss. 289. This rule has been followed by this court in the more recent opinion of *Grace* v. *Pierce,* 90 So. 590. See, also, *Street* v. *Smith,* 37 So. 837.

The judgment lien is intended and created for the benefit of the creditor, to be enforced, as prescribed by law, within seven years from the date of the rendition thereof, and in the event other judgment is not paid and cannot be satisfied, then the creditor has the right to renew his judgment by filing a new suit thereon, as provided by the statute; but if he voluntarily fails to exercise the rights granted by statute upon which his lien could be preserved, he would be considered as having waived it. *McAfee* v. *Reynolds,* 28 N. E. 423, 30 Am. S. R. 194, 18 L. R. A. 212. The rule seems to be well settled not only by the courts of Mississippi, but by the courts of other states that a judgment lien exists only for the time allowed by statute. Section 2297, Hemingway's Code, provides the method by which a judgment creditor can keep his judgment in force.

*Austin* v. *Newcomer & Klauser,* 42 Miss. 186, cited by counsel, also deals with attachments, as does the Fisher case and neither has any application here. Counsel nowhere cites a case or a precedent where any court has held that the statute of limitations follows a person and not the property in the collection of a judgment lien. This, we submit, is still the law in this state. The right sued on in the Fisher case and the judgment in the instant case are both causes of action within the purview of section 2472, Hemingway's Code.

Counsel argues upon the fact that the requirements of section 2297, Hemingway's Code, were not complied with. We direct the court's attention to *Street* v. *Smith,* 85 Miss. 359, where this court held that section 2462, Code of 1892 (section 2297, Hemingway's Code), providing that where the remedy to enforce any lien which is recorded appears by the record to have been barred by the statute of limitations, the lien shall cease as to creditors and *bona-fide* purchasers, unless within six months after such remedy is so barred the fact that such lien has been renewed or extended appears by entry on the record or by a new instrument filed for record within such time, *holding no application to judgment liens.*

Council for appellee further argues that appellants have been guilty of *laches.* We refer the court to *Westbrook* v. *Munger,* 61 Miss. 329, and *Taylor* v. *Chickasaw County,* 70 Miss. 87, 12 So. 210, where this court held that a claim not barred by statute of limitations is good and that because of the existence of the statute, staleness is no defense.

Counsel is right in his assertion that we have cited no Mississippi case holding in so many words that section 2472, Hemingway's Code, applies to judgment liens. We have been unable to find one, but we have found cases that hold substantially to that effect. See *Hunt* v. *Belknap,* 78 Miss. 76; *Trotter* v. *Erwin,* 27 Miss. 772; See, also, *Sheldon* v. *Barlow,* 108 Mich. 375; *Newlove* v. *Pennock,* 123 Mich. 260; 37 C. J., sec. 381, p. 992; *Union Nat. Bank of Grand Forks* v. *Ryan,* 137 N. W. 449, 23 N. D. 492, Ann. Cas. 1914 D 741; *McClanahan's Adm'r* v. *Norfolk & W. Ry. Co.,* 87 S. E. 731, 118 Va. 338.

*Watkins, Watkins & Eager,* in reply, for appellants.

In his brief counsel for appellee states that it is obvious that the legislature intended sections 2467 and 2474, Hemingway's Code to be *sui generis* in regard to the duration of a judgment lien. We submit that this

was not the intention of the legislature at all.  These sections of the Code cannot be construed properly, save in connection with section 2472 of the same Code.  In fact, the whole body of our law must be looked to, and is looked to, in the construction of any statute.  This requirement is not a hardship.  *Klaus* v. *Moore,* 77 Miss. 701.

Counsel contends that section 2472, Hemingway's Code, has no application to a judgment, not being a cause of action within the meaning of said section.  He states that the cause of action in a judgment lien has already accrued and has been adjudicated.  However, we submit, it is still such a cause of action as can be sued on.  In *Kennard* v. *Alston,* 62 Miss. 763, this court held that a saving statute because of absence from the state, similar in effect to section 2472, Hemingway's Code, was applicable to foreign judgments which were *causes of action* within the purview of the saving statute.  If a foreign judgment is a cause of action, we see no reason why a domestic judgment is not one.  The language of section 2472, Hemingway's Code is very broad.

*As to absence from the state.*  In 37 C. J., sec. 380, p. 990, the following rule of law is laid down:  "Where the statutory exception of absence of a defendant or debtor is *general in terms, it will not be confined to particular forms or classes of actions."*  Also see cases cited under No. 77 on the same page, and *Hodges* v. *Darden Bros.,* 51 Miss. 199.

That a judgment is a cause of action within the purview of section 2472, Hemingway's Code, we submit, is clearly shown by the fact that the legislature used the word "action" in reference to judgments in section 2474 of the same code when providing for a means for the renewal of judgments.

In *Fisher* v. *Fisher,* 43 Miss. 212, this court held that a saving statute similar to section 2472, Hemingway's Code, applied because of absence from the state, *even though the debtor had property subject to attachment in this*

*state, and that the statute followed the person and not the property of the debtor.*

McGowen, J., delivered the opinion of the court.

R. L. Mitchell Lumber Company, a partnership, filed its bill against S. T. Carr, sheriff of Winston county, and J. D. McGraw, plaintiff in execution, and obtained an injunction restraining the sheriff from selling under execution certain lands described in the bill. The following facts are material to a statement of the case: J. D. McGraw obtained a judgment against T. R. Tucker on the 19th day of July, 1915, and the judgment was enrolled on the judgment rolls of Winston county on the 2d day of February, 1916. On the 13th of July, 1913, McGahey and wife executed a deed to T. R. Tucker conveying the lands in controversy and the same parties executed a warranty deed conveying the same lands to W. T. Castles on the 10th day of July, 1917. Later W. T. Castles died testate and by his will devised the land to his heirs. C. C. Castles, trustee and executor of the last will and testament of W. T. Castles, conveyed the lands to appellees here, complainants in the injunction bill in the court below. Later, on the 19th day of October, 1923, T. R. Tucker and wife conveyed by quitclaim deed the same land to appellees.

Execution was issued on the judgment obtained by J. D. McGraw against T. R. Tucker on the 8th day of July, 1924, placed in the hands of Carr, sheriff, and levied on these lands here in controversy on the 4th day of August, 1924, and the sheriff was proceeding to advertise and sell said land when, upon the allegation of the complainant in his bill below that the execution was barred by the statute, the sale was stopped by injunction proceedings. Other facts were developed which it is unnecessary to detail here. It will be noted that more than seven years had intervened from the date of the rendition of the judgment before execution was issued thereon.

The defendants in the injunction suit set up the fact which is undisputed that, for most of the time intervening between the date of the rendition of the judgment and the date of the issuance of the injunction, the defendant in the execution, Tucker, was absent from the state. The court below overruled the motion to dissolve the temporary injunction, made the injunction granted perpetual, and taxed the defendant McGraw with all the costs.

The only question raised which we deem of sufficient importance to notice is whether or not an execution may be issued upon a judgment after seven years from the date of the judgment when no action has been brought by which the judgment is renewed.

Section 3103, Code of 1906 (Hemingway's Code, section 2467), is as follows:

"All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after; and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree."

Appellants rely on section 3108, Code of 1906 (Hemingway's Code, section 2472), which is as follows:

"*Absence from the State.*—If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return."

In order to maintain appellants' contention, this court will be compelled to hold that the issuance of an execution was the "commencement of an action" because the above section (2467) distinctly recites that—

"An execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree."

In the case here under consideration the seven-year period had more than expired counting from the date of

the rendition of the judgment when the execution was issued.

There is a marked distinction between bringing an action on a judgment and having execution issued based on a judgment. The words "action," "suit," and "cause" are convertible terms and we find no authority for construing the word "execution" in connection with its issuance upon a judgment to mean an action or a suit or a cause. See *Ex parte Milligan*, 4 Wall. 2, 18 L. Ed. 281.

We think the issuance of an execution is not the beginning of an action or the beginning of a suit, and that section 3108, Code of 1906 (Hemingway's Code, section 2472), may not be invoked to authorize the issuance of an execution on a judgment rendered more than seven years before its date. The issuance of an execution not being the bringing of an action, neither section 3103, Code of 1906 (Hemingway's Code, section 2467), or section 3108, Code of 1906 (Hemingway's Code, section 2472), may be availed of here.

We think the court below was correct in making the injunction perpetual in this cause.

*Affirmed.*